In re **MIDDLE PLANTATION OF WILLIAMSBURG, INC.,** Debtor.

Bankruptcy No. 82–00130–NN.

United States Bankruptcy Court,
E.D. Virginia,
Newport News Division.

Feb. 21, 1984.

David Adams, Norfolk, Va. and Leslie Lilley, Virginia Beach, Va., Taylor, Walker

## 874

& Adams, Norfolk, Va., for Long Hill Properties Joint Venture.

David Montague, Montague, Montague & Long Ltd., Hampton, Va., for Ronald Bensten, Trustee for Middle Plantation of Williamsburg, Inc.

W. Allen Maust, Hampton, Va., for Hab Baker, III.

Gene C. Griffin, Williamsburg, Va., for David Harmon.

Janet I. Farquharson, Patten, Wornom & Watkins, Newport News, Va., for Hall, Cottman, Garrison & Roseberry, Certified Public Accountants.

Herbert V. Kelly, Jones, Blechman, Woltz & Kelly, P.C., Newport News, Va., for Eric Walstrom.

## IN WHICH WE FIND BANKRUPTCY RULE 3003 UNCONSTITUTIONAL, IN PART

HAL J. BONNEY, Jr., Bankruptcy Judge.

The Bankruptcy Code is a remarkable improvement over the Bankruptcy Act. Among its many virtues are efforts to eliminate the necessity of creditors having to file claims in certain instances. Consider § 1111(a):

> A proof of claim or interest is deemed filed under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent or unliquidated.

Axiomatically, a creditor in a Chapter 11 case is deemed to have filed a claim if

1. The debtor has scheduled the claim and
2. The claim is not listed as disputed, contingent, or unliquidated.

If there is an exception to "deemed" to have filed under § 1111(a), such a creditor must then file a claim by a date later set by the Court of which notice is given. Then interim Rule 3001(b)(2)(B); now Rule 3003(c)(3). The Court sets such a date.

In this present agony, the debtor listed all of the debts as disputed, contingent or unliquidated due to the unavailability of clear records. Now comes the time to be certain exactly what must be paid under the plan as confirmed.

The proponent of the successful plan, not the debtor, has filed objections to certain *scheduled* creditors. This opinion is generally without reference to specific creditors. It simply sets the standard. For ease of disposition these creditors fall thusly:

1. Those who have done nothing even after notice of objection was served on them. Their complete lack of interest and response merits what they get: nothing.

2. Those who after receiving notice of objection appeared at the hearing to say they indeed have valid claims and should be paid.

3. Those who did not appear but who did contact the objector with explanations and to substantiate their claims.

The proponent of the plan, the objector, argues that these latter two categories come too late. The debts to them were disputed, contingent or unliquidated *and* they failed to file a claim by the deadline set.

But consider their plight. They did not know *how* they were scheduled by the debtor. They knew they were scheduled for they received original notice of the filing of the bankruptcy, but they knew not of the prejudicial scheduling.

Creditors are often at some distance from the Court, perhaps across the country, and it is impractical to search the records. The Court has no responsibility under the law to search the records for them as a result of a letter or telephonic request.

*Simply put this court feels it is lack of due process to so deal with creditors. Prior to deadlines falling, they must be advised of the effect upon each specifically.*

As early as 1952 the United States Supreme Court specifically analyzed creditors' rights to due process of law with regards to notice in bankruptcy proceedings. *City of New York v. New York N.H. & H.R. Co.,*

344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1952). In *City of New York* the Court said notice to the City was inadequate to render the City's lien void against the reorganized debtor, in spite of the creditor's knowledge of the reorganization under Chapter X. In his much cited opinion, Mr. Justice Black pointed out that creditors have a right to assume a reasonable notice will be given them before their claims are forever barred. 73 S.Ct. at 301. The Court specifically rejected the argument that knowledge of the bankruptcy puts a duty on creditors to inquire for themselves about possible court orders limiting the time for filing claims. *Id.*

The *City of New York* court referred to the well-known due process case of *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The Mullane standard, to be applied in any proceeding which is to be accorded finality, is notice reasonably calculated, under all circumstances, to apprise interested parties of the action. 70 S.Ct. at 657. The notice must be of such a nature as reasonable to convey the required information. *Id.*

The *City of New York* case has provided that basis for several instances of due process analysis of notice to creditors. *Board of County Commissioners of Saline County, Kansas v. Coleman American Properties, Inc.,* 10 B.C.D. 879, 30 B.R. 239 (Bkrtcy. 1983); *Board of County Commissioners of Sedgwick County, Kansas v. Coleman American Properties, Inc.,* 30 B.R. 247 (Bkrtcy.1983); *In re C.S.T. Construction Co., Inc.,* 21 B.R. 840 (Bkrtcy.1982). The *American Properties* companion case involved a situation where the debtor has listed all creditors' claims as unliquidated (sic). 30 B.R. at 245 and 249. Bankruptcy Judge Pusateri noted scheduling and, in reliance on *City of New York,* arrived at the conclusion notice would not be constitutionally adequate unless the creditor is specifically informed that there is a dispute about the claim. *In re American Properties,* 30 B.R. at 245.

Although not the progeny of the *City of New York, In re Rite Autotronics Corp.*

assumes that a creditor must be informed of a dispute. 10 B.C.D. 316, 27 B.R. 599 (Bkrtcy.App. 9th Cir.1982). "At the onset it may be observed that where a debtor questions the quality of a claim thereby placing the creditor in a position of potential default and loss, due process would call for specific notice to the creditor. Filing of schedules at a place frequently far removed from the location of the creditor, as a practical matter, is not an optimal method for providing the creditor with an opportunity to learn that there is a dispute or question concerning his claim. Thus, it is questionable as to whether there has been sufficient notice to the creditor as to the facts and basis of the dispute." *Id.* 27 B.R. at 602.

The opposite position may best be demonstrated by the Ninth Circuit Court of Appeals in a Chapter 13 case where the creditor claimed notice sent to creditors did not meet constitutional due process standards, "When the holder of a large, unsecured claim ... received any notice from the bankruptcy court that its debtor has initiated bankruptcy proceedings, it is under constructive or inquiry notice that its claim may be affected, and it ignores the proceeding to which the notice refers at its peril. 'Whatever is notice enough to excite attention and put the party on its guard and call for inquiry, is notice of everything to which such inquiry may have led. When a person has sufficient information to lead him to a fact, he shall be deemed to be conversant of it.' *D.C. Transit Systems, Inc. v. United States,* 531 F.Supp. 808, 812 (D.D.C.1982)." *Matter of Gregory,* 705 F.2d 1118, 1123 (9th Cir.1983).

The present system is not reasonably calculated to apprise the creditors.

Therefore, 11 U.S.C. § 1111(a) is impaired to the extent it deems some claims filed but fails to mandate adequate notice relative to claims scheduled as disputed, contingent or liquidated.

But the problem lies with flawed rules; Bankruptcy Rules come into play and set forth method of notice. This *Middle Plantation* case with this issue of claims precedes the new national Bankruptcy Rules

which became effective August 1, 1983. The so-called Interim Rules were then in effect. Rule 3001. Number 3003 is assigned in the present national Bankruptcy Rules. The notice procedure is identical.

To the extent Rule 3003 fails to mandate notice that would meet the requirements of due process relative to creditors with disputed, contingent or unliquidated claims in Chapter 9 Municipality or Chapter 11 reorganization cases, it is unconstitutional.

IT IS SO ORDERED.