**In re TEREX CORPORATION, Debtor.**

**Bankruptcy No. 583–1502.**

United States Bankruptcy Court, N.D. Ohio.

Jan. 3, 1985.

Richard Gurbst, Cleveland, Ohio, for debtor.

Robert D. Pritt, Akron, Ohio, for movant.

### FINDING AS TO FILING OF LATE CLAIM

HAROLD F. WHITE, Bankruptcy Judge.

This action is before the court on the motion of Elizabeth Szakmeister, executrix of the Estate of John Szakmeister, for leave to file a proof of claim. Terex Corpo-

ration, the debtor and debtor in possession, opposes the motion.

John Szakmeister was fatally injured on October 19, 1982 while employed by the debtor. Elizabeth Szakmeister was appointed executrix of the Estate of John Szakmeister by the Probate Division of the Court of Common Pleas, Summit County, Ohio. This probate estate was closed on August 5, 1983.

On November 4, 1983 the debtor filed its petition under Chapter 11 of the Bankruptcy Code. On January 16, 1984, the debtor filed its schedules of assets and liabilities. John Szakmeister was duly listed in the schedules as holding an unsecured, unliquidated claim against the debtor for worker's compensation benefits.

There is no dispute that Elizabeth Szakmeister received notice of the scheduled claim for worker's compensation benefits. Susan Joseph, the daughter of Mrs. Szakmeister, contacted this court and was informed that a proof of claim would have to be filed to preserve the claim for worker's compensation benefits. Accordingly, on March 21, 1984, Mrs. Szakmeister filed a proof of claim for $298.00 per week for worker's compensation death benefits. The debtor has not objected to this proof of claim.

This court originally set March 21, 1984 as the last date for filing proofs of claim. The court later extended the time for filing proofs of claim to June 21, 1984 ("bar date"). There is no dispute that Mrs. Szakmeister received notice that proofs of claim must be filed on or before the bar date.

Ohio, like most states, has adopted a worker's compensation law to compensate employees injured in the course of their employment. Both the Ohio Constitution[1] and the Ohio Revised Code[2] state that employers who comply with the worker's compensation laws shall not be liable at common law for the work-related injuries or diseases contracted by their employees. The employee's exclusive remedy is to seek compensation from the worker's compensation fund.

On March 3, 1982, the Ohio Supreme Court released its opinion in the landmark case of *Blankenship v. Cincinnati Milacron Chemicals, Inc.*, 69 Ohio St.2d 608, 433 N.E.2d 572, 573 (1982). *Blankenship* held that an employee is not precluded by the Ohio Constitution or the worker's compensation statute from suing his employer for damages for an intentional tort.

Mrs. Szakmeister alleges that the death of her husband was proximately caused by the debtor's intentional, willful, wanton, and reckless conduct. Mrs. Szakmeister contends that under the *Blankenship* decision she would be entitled to pursue her common law remedy against the debtor for allegedly causing the wrongful death of her late husband. She seeks to file a proof

---

1. Article II, Section 35 of the Ohio Constitution states in relevant part:

> For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease.

2. Section 4123.74 of the Ohio Revised Code states:

> Employers who comply with section 4123.-35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition occurring during the period covered by such premium so paid into the state insurance fund, or during the interval of time in which such employer is permitted to pay such compensation directly to his injured employees or the dependents of his killed employees, whether or not such injury, occupational disease, bodily condition, or death is compensable under section 4123.01 to 4123.-94, inclusive, of the Revised Code.

of claim on behalf of the Estate of John Szakmeister in the amount of $2,502,-730.16. The debtor objects to the filing of this proof of claim.

The court finds from the evidence that Mrs. Szakmeister discussed with several attorneys the possibility of filing a wrongful death claim on behalf of the Estate of John Szakmeister prior to the expiration of the bar date of June 21, 1984. The court further finds that the Estate of John Szakmeister has never been scheduled as a creditor of the debtor. In September 1984, the estate of John Szakmeister was reopened, for the purpose of filing a wrongful death action against the debtor.

The position of the parties to this dispute can be stated simply. The debtor opposes the motion for leave to file a proof of claim because the movant has not complied with the order of this court requiring proofs of claim to be filed on or before the bar date. Mrs. Szakmeister argues that, since the Estate of John Szakmeister was never given notice of the court's order fixing a time for the filing of proofs of claim, it should not be bound by such order.

The importance of filing a proof of claim is summarized in Bankruptcy Rule 3003(c)(2) as follows:

*Who Must File.* Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

Since the debtor did not schedule the estate of John Szakmeister as holding a claim for wrongful death, a proof of claim must be filed if the estate is to partake of any distribution.

As a threshold issue, the parties disagree on the standard by which a court should determine a motion to file an untimely proof of claim. The debtor argues that the proper standard is Bankruptcy Rule 9006(b)(1)[3] that Mrs. Szakmeister must show that her failure to file a proof of claim is the result of "excusable neglect". Mrs. Szakmeister argues that under Bankruptcy Rule 3003(c)(3) she need only show "cause" for the court to permit the late filing of a proof of claim.[4]

The court is persuaded that, on this threshold issue, Mrs. Szakmeister's position is correct. Rule 3003 deals specifically with the filing of proofs of claim in a Chapter 11 case. Rule 9006 deals with the computation of time within which an act must be performed in a general fashion. The general rule must yield to the specific; otherwise Rule 3003(c)(3) would become a nullity. This conclusion is supported by other cases. *See e.g. In re Honeycutt Grain Co., Inc.,* 41 B.R. 678 (Bkrtcy.W.D. La.1984); *In re American Skate Corp.,* 39 B.R. 953, 11 B.C.D. 1380 (Bkrtcy.N.H. 1984).

Bankruptcy Rule 3003(c)(3) appears to allow the court greater discretion than Rule 9006(b)(1). The fact that Rule 3003(c)(3) applies in the present proceeding will, however, be small consolation to Mrs. Szakmeister. The court finds that it would be an abuse of its discretion if it were to allow Mrs. Szakmeister to file her late proof of claim.

---

**3.** Bankruptcy Rule 9006(b)(1) states:

*In General.* Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

**4.** Bankruptcy Rule 3003(c)(3) states:

*Time for Filing.* The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.

■ Mrs. Szakmeister received notice of the debtor's Chapter 11 petition and received notice of the court's order fixing a time to file a proof of claim. She is correct that the Estate of John Szakmeister never received notice but this is a technicality without merit. Mrs. Szakmeister is one person. The fact that, in her role as executrix of the Estate of John Szakmeister she did not receive notice, does not change the fact that she did individually receive notice. The evidence indicates that she received notice of the bar date and that she discussed the possibility of filing a wrongful death claim prior to the bar date. Her unexplained failure to do so is not excused by the fact that a separate notice was not sent to her as executrix.

Furthermore, the court finds that the debtor owed no duty to notify the executrix of the Estate of John Szakmeister. The Estate of John Szakmeister was closed before Terex filed its Chapter 11 petition. It was not reopened until after the bar date. Thus, the probate estate did not exist as a legal entity at the time the debtor filed its schedules. Mrs. Szakmeister was not the executrix of the Estate of John Szakmeister at the time the notices of the bar date were sent. The debtor owed no duty to notify a non-existent probate estate. Such action would be impossible.

Mrs. Szakmeister has failed to show cause why the court should permit her to file a proof of claim on behalf of the Estate of John Szakmeister. The decision of *Blankenship v. Cincinnati Milacron Chemicals, Inc., supra,* was released before John Szakmeister died. No action under *Blankenship* was brought against Terex while the probate estate was open. *Blankenship* represents a narrow exception to an employer's common law immunity established by the worker's compensation laws. Where the probate estate fails to raise the *Blankenship* exception, and in fact closes, there can be no duty to schedule the probate estate as a creditor under *Blankenship.*

The debtor gave the required notice to Mrs. Szakmeister. She had actual knowledge of the bankruptcy and the bar date. If she wished to assert a claim on behalf of the closed probate estate, then it was incumbent upon her to reopen the estate and timely file a proof of claim. Although she spoke with several attorneys about filing a proof of claim before the bar date, there has been no explanation of why she failed to do so. At the very least she should have moved for an extension of time prior to expiration of the time for filing proofs of claim.

*City of New York v. New York, N.H. & H. R.R.,* 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953), and its progeny, cited by Mrs. Szakmeister, do not apply to the facts of this case. In *City of New York,* the court held that an order enjoining the enforcement of liens of a creditor who failed to file a proof of claim was invalid, where the creditor did not receive notice of the bar date. The court reached this holding even though the creditor had actual knowledge of the bankruptcy proceeding. In the present case, however, Mrs. Szakmeister did receive notice of the bar date as well as having actual knowledge of the debtor's Chapter 11 petition. Thus, the notice requirement of *City of New York* has been satisfied.

Mrs. Szakmeister also cites *In re Middle Plantation of Williamsburg, Inc.,* 36 B.R. 873, 11 B.C.D. 680 (Bkrtcy.E.D.Va.1984). *Middle Plantation* held that it is unconstitutional to bar a creditor from filing a proof of claim where the creditor was not notified of the need to file a proof of claim. This case, too, is inapposite to the present matter before the court. At all relevant times the Estate of John Szakmeister did not exist. There is no requirement to give notice to a non-existent entity. The original notice received by Mrs. Szakmeister about the scheduled claim for worker's compensation benefits might, arguably, have failed to meet the standard set forth in *Middle Plantation.* Nevertheless, because Mrs. Szakmeister did timely file a proof of claim for worker's compensation benefits, she has not been damaged because of any alleged failure to meet the *Middle Plantation* standard of notice.

As a widow, Mrs. Szakmeister naturally commands the court's sympathy. The court's sympathy for a widow is not a proper cause for allowing a late filing of a proof of claim. The debtor duly listed the only known Szakmeister claim and the proper notices were sent relating thereto. The debtor did all that it was required to do.

It would be an abuse of discretion for the court to adopt Mrs. Szakmeister's argument. The debtor is not clairvoyant. It cannot be expected to anticipate that the Estate of John Szakmeister would be re-opened and a claim asserted against it one year after that estate was initially closed. Thus, it had no duty to notify the probate estate. Therefore, the motion of Elizabeth Szakmeister, as executrix of the Estate of John Szakmeister, to file a claim on behalf of the Estate of John Szakmeister will have to be denied.