**In re ROBINTECH, INC., Debtor.**

**No. 483–00558–11.**

United States Bankruptcy Court, N.D. Texas, Ft. Worth Division.

Feb. 3, 1987.

See also, Bkrtcy., 35 B.R. 688.

Maureen Bucek, Asst. Atty. Gen., Atty. Gen. of Texas, Austin, Tex.

Jo Ann Biggs, Moore & Peterson, Dallas, Tex. for trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAROLD C. ABRAMSON, Bankruptcy Judge.

On January 24, 1984, the United States Bankruptcy Court for the Northern District of Texas, Ft. Worth Division, entered an order establishing February 14, 1984 as the bar date in which proofs of claim must have been filed in this case. Notice of that order was sent to the Comptroller of Public Accounts of the State of Texas ("the Comptroller"), on January 25, 1984. The notice was addressed, however, to

State Treasurer—Bob Bullock
Comptroller of Public Accounts
Capitol Station
Austin, Texas 78774.

The correct address was

State Comptroller
P.O. Box 13528
Capital Station
Austin, Texas 78711.

The Comptroller received the notice, via other state offices, on January 31, 1984. The Comptroller did not file its proof of

claim until February 16, 1984, two days after the bar date. The Trustee filed its objection to the claim and a motion for summary judgment on the ground that the claim was filed after the bar date.

Bankruptcy Rule 9006(e) states that "[s]ervice of process and service of any paper other than process or of notice by mail is complete on mailing." Thus once an item is placed in the mail, notice is considered complete. When mail is properly addressed, stamped and deposited, there is a rebuttable presumption that it was received by the party to whom it was sent. Proper mailing, however, must be proved before the presumption is activated. *In re American Properties, Inc.*, 30 B.R. 239, 243–44 (Bankr.D.Kan.1983). If the proper and correct address was not used the presumption cannot be activated. *Id.* at 244. Standards of correctness vary with the nature of the entity, private or public, and a less definite and more general address may be sufficient for a well known public entity. *Id.* Where an address is only slightly incorrect, as it was held to be in the *American Properties* case, the presumption is weakened, but still raised. Denial of receipt does not, as a matter of law, rebut the presumption, but rather creates a question of fact. *Id.*

The question of improper mailing in the case at bar is mentioned by the court in order to exemplify the importance of a proper address used by a Debtor or Trustee, in order to safeguard the rights of parties receiving such notice; also the purpose of this discussion is to exemplify the importance of a party receiving the notice to seek an extension of time in order to preserve its rights.

In a Chapter 11 case, the court has the power to set the time for filing of proofs of claim. Bankruptcy Rule 3003(c)(3). Under Rule 2002(a)(8), notice of a bar date may be given not less than twenty days prior to the time set.

In the instant case, the order setting bar date was signed and notice of bar date mailed on January 25, 1984, exactly twenty days before the bar date of February 14,

1984. In the normal course of mail, the Comptroller should have received notice by at least January 27 or 28, giving the Comptroller 17 or 18 days to respond. This time was shortened by the fact that claims are not considered filed until actually received by the clerk and filed. Thus, the Comptroller would had to have mailed it *before* the actual bar date in order to ensure receipt and filing by February 14, 1984. Again, the time to file was further shortened by the debtor's failure to correctly address the notice. Due to this error, the Comptroller did not receive the notice until January 31, 1984. All factors considered, if the Comptroller had been able to use Express Mail for overnight delivery on the 13th, the Comptroller had a maximum of thirteen to fourteen days to file its claim, without an extension or the application of Rule 9006(f), discussed *infra*.

In *In re American Properties*, 30 B.R. 239 (Bankr.D.Kan.1983), similar facts occurred with similar consequences. *See also* related cases. *In re American Properties (Board of County Commissioners of Johnson County, Kansas v. Coleman American Properties, Inc.)*, 30 B.R. 235 (Bankr.D.Kan.1983), and *Board of County Commissioners of Sedgwick County, Kansas v. Coleman American Properties*, 30 B.R. 247 (Bankr.D.Kan.1983). The court in that case had ordered a bar date of September 9, 1980 on August 22, 1980, a time limit of eighteen days. The misaddressed notice was held to have reached the county tax creditor eventually, even though it denied receipt. However, the court held that fifteen days was too short a time period for allowing claims to be filed, and thus the notice was constitutionally insufficient to forever bar the county's claim. *Id.* at 245.

In the instant case, due to the debtor's negligence in misaddressing the notice, the Comptroller had less than fourteen days in which to file its claim. A creditor has the right to assume that proper, adequate and constitutional notice will be provided before its claim is forever barred. *American Properties*, 30 B.R. at 245 *citing New York v. New York, N.H. & Hart-*

*ford R.R.,* 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953); *In re Intaco Puerto Rico, Inc.,* 494 F.2d 94, 99 (1st Cir.1974). The Comptroller here was not afforded this protection.

 Rule 9006(f) provides that if notice is sent by mail to do some act or undertake some proceedings within a prescribed period, then three days shall be added to the prescribed period to allow for mailing. The Trustee argues that the additional three days to allow for mailing granted by Bankruptcy Rule 9006(f) is inapplicable here because creditors were given a deadline on or before which they were to file claims rather than a requisite number of days within which to file a claim.[1] The court does not recognize this distinction, and holds that 9006(f) applies in the instant case to afford the Comptroller an additional three days beyond the bar date to file its proof of claim. Since the Comptroller filed its claim on February 16, within the three days added by 9006(f), its claim was timely filed and should be allowed.

The Trustee also argues that allowing a claim to be filed after the bar date would be inequitable and prejudicial to the debtor and other creditors who complied with and acted in reliance on the bar date, by dissipating the pool of funds available for distribution. The equities in this case are difficult to balance. On the one hand, the Debtor's negligent actions impaired the Comptroller's ability to file a timely claim. On the other hand, although the Comptroller had insufficient time to file its claim before the bar date, it also took no action to seek an extension of such time. Rule 3003(c)(3) allows the court to extend the time for filing for good cause shown, which, in this case, could have been found in the incorrect address and delayed notice. Although the allowance of this claim will further dissipate the funds available to other creditors, the Comptroller's claim was timely filed and thus it is not inequitable to allow it.

The Trustee's motion is accordingly denied, and the Comptroller's claim hereby allowed, and the Attorney General of Texas is directed to prepare an appropriate order.

---

1. The case of *In re Whitten,* 49 B.R. 220 (Bankr. N.D.Ala.1985), cited by the Trustee in support of this proposition, is improper precedent for the

Chapter 11 case at bar. *Whitten* is a Chapter 13 case and specifically makes applicable Rule 9006(f) to Chapter 9 and Chapter 11 cases.