**In the Matter of CENTURY BRASS PRODUCTS, INC., Debtor.**

**Bankruptcy No. 2–85–00197.**

United States Bankruptcy Court, D. Connecticut.

March 17, 1987.

H. Kennedy Hudner and Lissa J. Paris, Murtha, Cullina, Richter and Pinney, CityPlace, Hartford, Conn., for debtor.

Jerome E. Caplan, Rogin, Nassau, Caplan, Lassman & Hirtle, CityPlace, Hartford, Conn., for Creditors' Committee.

W. Philip Jones, Asst. U.S. Atty., Hartford, Conn., for the U.S. Army.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

Before the court is the motion of the United States Army (Army) for enlargement of time in order to file a proof of claim. The parties agree that the motion, although not so internally identified, is based upon the provisions of Bankruptcy Rule 9006(b)(1), which states that when an act is "allowed to be done at or within a specified period ... by order of court, the court for cause shown may at any time in its discretion ... on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Notwithstanding that the central issue is whether a finding of excusable neglect may be justified, the Army's motion was unsupported by affidavit, and the Army did not seek an evidentiary hearing. At oral argument, the parties indicated that there is no dispute as to the following statement of the factual background.[1]

---

**1.** This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## II.

Century Brass Products, Inc., the debtor in this chapter 11 case, filed on December 10, 1985 a motion for court approval of the debtor's rejection, on the ground of burdensomeness, of two executory contracts with the Army. *See* Bankr.R. 6006. The contracts required the debtor to produce grenade casings at a set price. After a hearing held, upon proper notice, on October 16, 1986, the court entered an order, dated October 23, 1986, approving the contract rejection. The order further provided that the Army "shall have until December 22, 1986 to file any claims it may have against the debtor arising from this rejection. Such claims shall be filed with the Clerk of the United States Bankruptcy Court, District of Connecticut, 450 Main Street, Hartford, Connecticut 06103."[2] The debtor served a copy of this order upon the United States and the Army by mail on October 23, 1986. The Army does not claim that it did not duly receive the order. The responsibilities for preparation of a claim are shared by Army facilities in Rock Island, Illinois, and Alexandria, Virginia. At one point, an Army letter, posted on December 17, 1986 from Virginia to Indiana, was erroneously sent by the U.S. Postal Service to Wisconsin, and reposted on December 19, 1986 to Indiana. The Army filed the present motion for enlargement of time on January 8, 1987 to allow it to file a proof of claim for damages of $2,041,161.60, allegedly resulting from the rejection of the contracts.

## III.

The Army argues that a finding of excusable neglect for a late filing may be based upon the Army's asserted "multileveled" processing procedure for filing proofs of claim, which, it contends, is "ad-

mittedly cumbersome, lengthy, and time consuming ... [in order] to provide a system of checks and balances to ensure that complete and correct information is presented to courts". *Army Memorandum* at 1. The Army further contends that the two-day delay, not of its making, due to Army correspondence being sent to the wrong city, is an additional factor in determining excusable neglect. The Army's final argument, asserted in its memorandum, is that the "debtor is not harmed by the inclusion of the claims of a legitimte [sic] debt known to the debotr [sic]. By rejection of the contracts the debtor knew that such a claim existed." *Id.* at 2.

The debtor, in its memorandum in opposition to the motion, contends that the Army, on the record made, has not established excusable neglect. The debtor says that the Army's internal procedures are not "beyond [its] reasonable control." The two-day delay resulting from the incorrect mailing, according to the debtor, may not, by itself, constitute excusable neglect, because it does not account for the fact that the claim was filed over two weeks late. The debtor asserts that whether or not prejudice will result from allowing the extension is irrelevant to a determination of excusable neglect.

## IV.

Excusable neglect has most frequently been defined as "the failure to timely perform a duty ... due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *Biscayne 21 Condominium Assoc., Inc. v. South Atl. Fin. Corp. (In re South Atl. Fin. Corp.),* 767 F.2d 814, 817 (11th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986); and

---

**2.** The court had previously set July 15, 1985, as the time within which to file proofs of claim. Bankruptcy Rule 3002(c)(4), which applies only to claim filing in chapters 7 and 13, provides that a "claim arising from the rejection of an executory contract of the debtor may be filed within the time as the court may direct." There is no comparable rule specifically addressing the filing of claims arising from rejection of contracts in chapter 11, although Bankr.R.

3003(c)(3), which states that the court "shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed", presumably covers contract rejection claims. In any event, simple common sense dictates that the court set such a time, and the Army has not suggested that it was beyond the power of the court to set a bar date or that the time set was unreasonably limited. *See In re Miracle Mart, Inc.,* 396 F.2d 62 (2d Cir.1968).

cases cited therein. The Army bases its claim of excusable neglect on its own cumbersome internal procedures. Delay resulting from a breakdown in a creditor's internal procedures, however, does not constitute excusable neglect within the meaning of Rule 9006(b)(2). *In re Johnson*, 35 B.R. 79, 82 (Bankr.D.Conn.1983); *In re Figueroa*, 33 B.R. 298, 303 (Bankr.S.D.N.Y.1983); *In re Saltzmann*, 25 B.R. 125, 128 (Bankr. E.D.Wis.1982). The Army could easily have filed a less than letter-perfect proof of claim before the expiration of the bar date set by the court. *In re South Atl. Fin. Corp.*, 767 F.2d at 819. The Army's late filing, not being materially caused by the two-day mailing delay, cannot be considered a result of circumstances beyond its reasonable control.[3]

The Army's claim of no prejudice to the debtor if the present motion were granted is not appropriate. Prejudice is not a factor to be considered in determining excusable neglect, *see South Atl. Fin. Corp.*, 767 F.2d at 818–19 ("Whether a late filing ... would have prejudiced [the debtor, shareholders or creditors is] not ... a relevant inquiry"). The Army suggested at oral argument that although it may not have satisfied the letter of Rule 9006(b)(2), the court should grant the Army's motion in the name of equity. A like argument was rejected by this circuit in a case involving a statutory bar date. "[The] clear Congressional intent to require filing of valid proofs of claim within the time limits that it has set is sufficient to preclude us from finding exceptions to these rules in the supposed interest of equity." *Hoos & Co. v. Dynamics Corp. of America*, 570 F.2d 433, 439 (2d Cir.1978). At root, the Army is seeking a status by court order that is not available to nongovernmental entities, and not accorded to it by the Bankruptcy Code or Bankruptcy Rules. None of the Army's contentions are sustainable.

## V.

The motion of the United States Army for enlargement of time within which to file a proof of claim must be, and hereby is, denied.

---

**3.** The Army has made no argument that it filed any document in the bankruptcy court by the bar date to which the present proffered proof of claim could be considered an amendment.