**In re Patrick J. BURKE and Shirley A. Burke, Debtors.**

**Bankruptcy No. 85–166.**

**United States Bankruptcy Court, D. Vermont.**

May 16, 1987.

Gary W. Cruickshank, Boston, Mass., for Robert MacArthur/Regenesis (Regenesis).

Joseph C. Palmisano, Barre, Vt., for Patrick and Shirley Burke (debtors).

## ORDER DENYING MOTION FOR RECONSIDERATION

FRANCIS G. CONRAD, Bankruptcy Judge.

Regenesis, an unsecured creditor, moves to have us reconsider the disallowance of its late-filed claim on the grounds that it didn't have notice its claim was disputed. Because we find that Regenesis' untimely filing of its proof of claim resulted from a tactical course of conduct rather than from lack of notice, we deny its motion to reconsider the disallowance of its proof of claim.

The facts in this proceeding are derived from the case record, the pleadings, and argument of counsel.[1]

Regenesis, a Massachusetts corporation, is organized for the purpose of providing economically distressed individuals with assistance in alleviating their financial difficulties. Between June and August, 1985,

---

**1.** We have jurisdiction in this matter under 28 U.S.C. § 1334(b). This is a core matter under 28 U.S.C. § 157(b)(2)(B). This Order shall constitute findings of fact and conclusions of law under Rules of Bankruptcy Practice and Procedure Rule 7052.

debtors consulted principals of Regenesis regarding an Internal Revenue Service lien. Workouts were proposed but all failed to solve the debtors' problem. On September 12, 1985; the debtors filed a voluntary Chapter 11 petition under Title 11 of the United States Code, 11 U.S.C. § 101, et seq.

Regenesis assisted the debtors with the preparation of the bankruptcy schedules. As a result of this assistance, Regenesis alleges it was under the impression that its claim for services rendered was listed in the bankruptcy schedules as undisputed, uncontingent, and liquidated. On the original schedule, filed with this Court, however, Regenesis' claim for $6,317.00 is listed as unliquidated.

Regenesis actively participated in the debtors' bankruptcy administration. They attended the first meeting of creditors held pursuant to 11 U.S.C. § 341. They raised and filed objections to a proposed sale, albeit several days late. They objected to the debtors' disclosure statement but chose not to attend the disclosure statement hearing, stating that due to geographical location and prior scheduling conflicts, neither MacArthur nor Cruickshank (Regenesis' attorney) could attend.[2]

Subsequent to the disclosure statement disapproval, the debtors filed a motion to amend Schedule A–3. The amendment changed Regenesis' claim from unliquidated to disputed. Presumably, notice of the amended schedule was the first notice Regenesis received pertaining to its proof of claim filing responsibility. In any event, Regenesis filed a proof of claim on August 22, 1986. It was disallowed as being late-filed.[3] Alleging improper notice, Regenesis filed this motion to reconsider the disallowance of its claim.

The issue before us is whether Regenesis' late-filed claim should be allowed because it had insufficient notice about the disputed status of the claim.

■ A creditor's knowledge that a proceeding to reorganize has been undertaken does not put a duty on them to inquire about possible Court Orders limiting the time for filing claims. *City of New York v. New York, N.H. & H.R. Co.*, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953). In *City of New York, id.*, the United States Supreme Court held that regardless of a creditor's awareness of bankruptcy proceedings, they may assume reasonable notification before a Court may bar their claim. Accord, *In re Robintech, Inc.*, 69 B.R. 663 (Bkrtcy.N.D.Tx.1987); *Matter of Siegler Bottling Co.*, 65 B.R. 117 (Bkrtcy.S.D.Ohio 1986); *In re Middle Plantation of Williamsburg*, 36 B.R. 873, 10 C.B.C.2d 191, 11 B.C.D. 680 (Bkrtcy.E.D.Va.1984); however, we find these cases to be distinguishable from the instant proceeding.

■ In *City of New York*, supra, 344 U.S. 293, 73 S.Ct. 299, 97 L.Ed. 333 (1953) the City of New York never received a copy of the bar Order. In the proceeding at hand, Regenesis received notice of the bar date. In *Robintech*, supra, 69 B.R. 663 (Bkrtcy.N.D.Tx.1987), a proof of claim was filed late because of the debtor's negligence in misaddressing the notice. Citing *City of New York*, supra, 344 US at 297, 73 S.Ct. at 301, 97 L.Ed. at 337, the Court in *Robintech, id.*, at 665 stated: "a creditor has the right to assume that proper, adequate and constitutional notice will be provided before its claim is forever barred." The notice to Regenesis was properly addressed, mailed, and received.

*Siegler*, supra, 65 B.R. 117, involved a Chapter 11 filing that did not initially reflect whether the creditor's claims were contingent, disputed, and/or unliquidated. There, the debtor reserved the right to

---

**2.** We took Regenesis' objection into consideration when we denied approval of the disclosure statement. Regenesis' objection showed it to be knowledgeable about bankruptcy law and procedure.

**3.** As allowed by Rule, and after the § 341 meeting, we set December 20, 1985 as the last date for filing a claim. The bar notice was sent to Regenesis. Regenesis does not deny that it received the notice. Because Regenesis' claim was originally listed as disputed, it was required to file a proof of claim. See Rules of Bankruptcy Practice and Procedure Rule 3003(c)(3). See also Rule 2002(a)(8) requiring that notice of a bar date may be given not less than twenty days prior to the time set.

make its determination at a later date. A bar date notice was sent after the § 341 meeting. Subsequently, a Schedule A–3 was filed by the debtor that listed all claims as either contingent, unliquidated, or disputed. Based on the facts, Judge Walden held at *id.*, 120 (that) "while it is not necessary to reach ... a conclusion concerning Bankr.R. 3003, it is necessary for the court to direct that specific notice of their classification be given to creditors who have not otherwise filed a proof of claim ... (and) who have not been afforded the notice demanded by due process ..." Again, this is not analogous to the instant motion. The debtors indicated on their filed Schedule A–3 the specific status of each claim.

Regenesis is clearly not the type of creditor discussed in the cases, *supra*. They chartered their own fate by their tactical decision to actively participate in this case, pre-petition and post-petition, and at the same time ignored the status of their claim. They attended the § 341 meeting, at which the debtors' schedules were present. They could have asked to look at them, then and there. They objected to a sale of property and the first disclosure statement, and then chose not to attend.

During the course of this case Regenesis has shown itself to be a sophisticated and aggressive creditor. The "law presumes that the prudent creditor will make inquiry as to (sic) his duties in order to share in the distribution of a debtors (sic) estate." *In re V–M Corp.*, 23 B.R. 952, 957 (Bkrtcy.W. D.Mi.1982). Regenesis cannot now be heard to complain about lack of due process due to their own tactics. "The fundamental requirement of due process is the opportunity to be heard at 'a meaningful time and in a meaningful manner.'" *Brock, Secretary of Labor v. Roadway Express, Inc.*, —— U.S. ——, ——, 107 S.Ct. 1740, 1747, 95 L.Ed.2d 239 (1987), (citing *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 [1976]). Regenesis was provided and received notice about the filing of proof of claims. This was their opportunity to protect themselves. They intentionally chose not to do so. Accordingly,

It is ORDERED that the motion of Regenesis to reconsider the disallowance of their claim is DENIED.