**In re STN ENTERPRISES, INC., d/b/a Atwater Arms, Debtor.**

**Bankruptcy No. 84–98.**

United States Bankruptcy Court, D. Vermont.

Dec. 2, 1988.

See also, Bkrtcy., 73 B.R. 470.

P. Banse, Rutland, Vt., for movant, C. Henry (Henry).

J. Canney, Rutland, Vt., for debtor, STN Enterprises, Inc. (STN).

## MEMORANDUM DECISION ON MOTION TO ENLARGE TIME FOR FILING PROOF OF CLAIM

FRANCIS G. CONRAD, Bankruptcy Judge.

This matter[1] is before us on remand from the District Court reversing our denial of Henry's motion to enlarge the time for filing a proof of claim. Because we find that Henry has not met the excusable neglect standard mandated by the District Court we deny Henry's motion.

We initially denied Henry's motion to enlarge the time for filing his proof of claim because we viewed the motion to be one for relief from a final judgment under Rules of Bankruptcy Practice and Procedure Rule 9024 ("Bankruptcy Rules") and Fed.R.Civ.P. 60(b)(2), and the motion was not made before the expiration of the one

---

1. We have jurisdiction to hear this matter under 28 U.S.C. § 1334(b). This is a core matter under 28 U.S.C. § 157(b)(2)(A) and (O). This Memorandum Decision constitutes findings of facts and conclusions of law under Fed.R.Civ.P. 52 as made applicable by Rules of Practice and Procedure in Bankruptcy.

year time limit under the Rule.[2] In reversing us, Judge Billings held that "orders issued pursuant to Bankruptcy Rule 3003(c)(3) are not final orders for the purposes of Bankruptcy Rule 9024 and Fed.R. Civ.P. 60(b)". *In re STN Enterprises, Inc.,* Civil Action 88–88, slip op. at 5, (D.Vt. July 29, 1988) (Billings, D.J.). Judge Billings remanded the matter to us for a determination of whether Henry's failure to file his proof of claim before the claims bar date was due to excusable neglect, thus warranting an extension of the claims bar date for him. Whether the bar date will be extended is subject to a showing by Henry that his failure to file a timely claim was the result of excusable neglect.

At the earlier hearing in which we orally denied the motion to enlarge, we received testimony from Henry. Both counsel consented to our consideration of that testimony for this hearing on remand. In addition to the prior recorded testimony, counsel for both parties presented oral argument and made representations on the record. The representations made by counsel for purposes of this Decision are deemed evidence.

This Chapter 11 case was filed over four (4) years ago. Its Schedule A–3 contained the following notation:

> AS TO ALL UNSECURED CREDITORS THE AMOUNT OF THE CLAIM IS SUBJECT TO VERIFICATION, OTHERWISE ALL CLAIMS ARE DISPUTED.

Henry is listed on Schedule A–3 as claim # 74. The claim number was provided by the Bankruptcy Clerk. The claim is listed as: Cliff Henry, 3 Park Lane, Rye, New York 10588, for $25,000.00. Because of the number of disputed claims, my predecessor, the Honorable Charles J. Marro, under Bankruptcy Rule 3003(c)(3), on January 18, 1985, fixed March 4, 1985 ("Bar Date") as the last date for filing a proof of claim.[3]

Henry participated in a pre-bankruptcy creditor's committee meeting called the "Breesport Meeting" and was elected to the pre-bankruptcy creditors' committee. His counsel represented that he filed a so-called pre-bankruptcy proof of claim with Attorney Gates, pre-bankruptcy and post-bankruptcy counsel for STN. Henry was not elected a member of the bankruptcy unsecured creditors' committee.

Henry testified that he received mailings from the Court or parties involved in the proceeding through early 1987 at the address listed on the petition. He confidentially asserted that he did not receive the bar claim date Order of January 18, 1985.

Attorney Canney's, the debtor's attorney, certificate of service indicates that the notice of the Bar Date was mailed to Henry using the mailing address from the petition. Canney represented to us, and Henry's counsel accepted the representation, that the mailing of the bar claim date order was done in the usual course of Canney's legal business and followed his routine and customary practice. The bar claim date Order was never returned to Attorney Canney as "undelivered."

When we inquired about Henry's zip code, Mr. Canney indicated the petition showed 10588. Henry said it was 10580.

Henry testified he opened and reviewed each document he received about STN Enterprises, Inc. He also consulted with an attorney in the area of his place of residence about how he should handle his claim. We don't know what advice he received from the attorney, nor did the named attorney enter an appearance in the case.

---

**2.** Fed.R.Civ.P. 60(b)(2) as made applicable by Bankruptcy Rule 9024 provides in pertinent part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. ...

**3.** Bankruptcy Rule 3003(c)(3) provides:

> **(3) Time for Filing.** The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed.

Finally, Henry testified that he learned from a fellow claimant that claims were being paid. This was the first time he realized claims had been settled. We are not given a time or date when he was so enlightened, but assume it was shortly before Henry filed the instant motion.

The issue to be decided by us is whether the facts show excusable neglect on the part of Henry sufficient to allow his claim to be filed late. We hold the facts warrant denial of his motion.

Under Bankruptcy Rule 3003(c)(2), creditors whose claims are not scheduled or scheduled as disputed, contingent, or unliquidated *must* file a proof of claim within the time period set by the Court as provided by Bankruptcy Rule 3003(c)(3).[4] In the case *sub judice*, Henry, whose claim is scheduled as disputed, did not file his proof of claim before the March 4, 1985 Bar Date.

■ Although some Courts have held that the standard used to decide whether to enlarge the time to file a proof of claim is the "for cause" standard in Bankruptcy Rule 3003(c)(3), *In re Terex Corp.*, 45 B.R. 290, 292 (Bkrtcy.N.D.Ohio 1985), we agree with and are bound by the District Court's holding that because Bankruptcy Rule 3003(c)(3) must be read in conjunction with Bankruptcy Rule 9006(b)(1), a creditor must show cause in the form of excusable neglect when it seeks enlargement of the bar date after the expiration of the claims period. *In re STN Enterprises, Inc.*, supra, slip op. at 6. See also, *Biscayne 21 Condominium Association, Inc. v. South Atlantic Financial Corp. (In re South Atlantic Financial Corp.)*, 767 F.2d 814, 817 (11th Cir.1985), cert. denied, 475 U.S. 1015, 106 S.Ct. 1197, 89 L.Ed.2d 311 (1986). See also, *Vertientes, Ltd. v. Internor Trade, Inc. (In re Vertientes, Ltd.)*, 845 F.2d 57, 60 (3rd Cir.1988); *In re O.P.M. Leasing Services, Inc.*, 48 B.R. 824, 830 (Bkrtcy.S.D.N.Y.1983); *In re Arrow Air,*

*Inc.*, 75 B.R. 375, 377 (Bkrtcy.S.D.Fla. 1987); *In re Larsen*, 80 B.R. 784, 786 (Bkrtcy.E.D.Va.1987); *In re Wm. B. Wilson Mfg. Co.*, 59 B.R. 535, 537 (Bkrtcy.W. D.Tex.1986). Bankruptcy Rule 9006(b) provides in pertinent part:

(1) **In General.** Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion ... (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Ergo, for us to grant Henry's motion, his failure to file his proof of claim before the Bar Date must be the result of excusable neglect. The burden of proving excusable neglect is on the movant. *South Atlantic*, supra, at 817; *In re O.P.M. Leasing Services*, supra, at 830; *In re Horvath*, 20 B.R. 962, 966 (Bkrtcy.S.D.N.Y.1982).

The Courts have consistently interpreted "excusable neglect" under 9006(b)(1) to be present where "the failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." *Bratton v. Yoder Co. (In re Yoder Co.)*, 758 F.2d 1114, 1121 (6th Cir.1985) (non-receipt of bar date notice is sufficient grounds for excusable neglect); *Wm. B. Wilson Mfg.*, supra, at 538 (failure to receive notice of the bar date constitutes excusable neglect). Compare, *South Atlantic*, 767 F.2d at 817. (quoting *In re Gem Rail Corp.*, 12 B.R. 929, 931 (Bkrtcy. E.D.Pa.1981) (no excusable neglect where creditor's failure to file timely was due to its new counsel's erroneous belief that previous counsel had already filed a proof of claim); *Hanson v. First Bank of South Dakota*, 828 F.2d 1310, 1315 (8th Cir.1987) (creditor's failure to file timely confirmation ballot was due to employee turnover

---

**4.** Bankruptcy Rule 3003(c)(2) provides:

(2) **Who Must File.** Any creditor or equity security holder whose claim or interest is not scheduled or scheduled as disputed, contingent or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.

which was within its control, thus no excusable neglect).

 Some Courts consider three factors when determining whether excusable neglect exists. These factors are: (i) the adequacy of the notice provided, (ii) the source of the delay, and (iii) the prejudice, if any, that will inure to the debtor. *In re Waterman S.S. Corp.*, 59 B.R. 724, 728 (Bkrtcy.S.D.N.Y.1986); *O.P.M. Leasing*, supra, at 831. Several courts, however, have held that prejudice is not a factor to be considered. See, *South Atlantic*, supra, at 818–19; *Matter of Century Brass Products, Inc.*, 72 B.R. 68, 70 (Bkrtcy.D.Conn. 1987). We agree with the *South Atlantic* Court's reasoning behind not considering prejudice as a factor:

> We believe such a construction [considering prejudice] would do violence to the plain meaning of the language of both Rule 9006(b) and Fed.R.Civ.P. 6(b)(2). Both rules extend the time for the doing of an act where *"the failure to act* was the result of excusable neglect." It is clear from this language that the focus of these rules is on the movant's actions and the reasons for those actions, not on the effect that an extension might have on the other parties' positions.

*Id.*, at 818–19 (emphasis in original).

Moreover, in a bar claim date situation the movant will always be prejudiced if the claim is not filed because a "no claim" status in an asset bankruptcy case will always result in no dividend to the movant. Therefore, we will not consider prejudice to the debtor as a factor in determining the existence of excusable neglect.

The remaining two factors must be addressed. In the case sub judice, the two factors are interrelated because it is asserted that Henry's source of delay was his failure to receive notice of the Bar Date. Therefore, this case turns on the adequacy of the notice provided to Henry.

The case law is clear that known creditors are entitled to reasonable notice of the bar date for filing proofs of claim, even if the creditor has actual knowledge of the bankruptcy proceedings. See, *City of New York v. New York, New Haven & Hartford Railroad Co.*, 344 U.S. 293, 97 L.Ed. 333, 73 S.Ct. 299 (1953). In *City of New York*, the Supreme Court held that the city, a known creditor of the railroad debtor, who did not receive formal notice of the bar date did not receive adequate notice even though it had actual knowledge of the bankruptcy proceedings and notice by publication had been given. The Court in *City of New York* held:

> But even creditors who have knowledge of a reorganization have a right to assume that the statutory "reasonable notice" will be given them before their claims are forever barred.

344 U.S. at 297, 73 S.Ct. at 301.

See also, *Yoder*, supra, at 1116 (actual knowledge of bankruptcy proceedings by creditor is no substitute for the mailing of notice of the proof of claim bar date); *In re Robintech, Inc.*, 69 B.R. 663 (Bkrtcy.N.D. Tex.1987) (creditor who received delayed notice of the bar date due to debtor's negligence in misaddressing the notice had the right to assume that he would receive proper, adequate and constitutional notice of the bar date).[5] As this Court acknowledged last year in *In re Burke*, 76 B.R. 62 (Bkrtcy.D.Vt.1987), "[a] creditor's knowledge that a proceeding to reorganize has been undertaken does not put a duty on them to inquire about possible Court Orders limiting the time for filing claims." *In re Burke*, 76 B.R. at 63. Compare, *Broomall Industries, Inc. v. Data Design Logic Systems, Inc.*, 786 F.2d 401 (Fed.Cir.1986) (creditor not bound by debtor's discharge where creditor did not receive formal notice of confirmation hearing or confirmation order even though it was aware of the bankruptcy proceedings in general); *Reliable Electric Co., Inc. v. Olson Construction Co.*, 726 F.2d 620 (10th Cir.1984) (no notice of confirmation hearing).

---

**5.** *Robintech* is distinguishable because the Court held that 9006(f) adds three days to the time for filing claims when notice is by mail and since the creditor filed his claim only two days after the bar date, his claim was timely filed.

In the case sub judice, Henry does not contend that he was never sent notice of the Bar Date, he simply claims that if notice was sent, he did not receive it. If it is determined that he did not receive the notice, then excusable neglect exists and he will be allowed to file his proof of claim out of time. See, *Yoder Co.*, supra, at 1121; *Wm. B. Wilson Mfg.*, supra, at 538. Therefore, the determinative issue is whether Henry received the notice of the Bar Date.

Where mail is properly addressed, stamped and deposited in the postal system, there arises a rebuttable presumption that the notice was received by the addressee. *Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 418, 76 L.Ed. 861 (1932); *In re Longardner & Associates, Inc.*, 855 F.2d 455, 459 (7th Cir.1988); *Yoder Co.*, supra, at 1118; *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dodd (In re Dodd)*, 82 B.R. 924, 928 (N.D.Ill.1987); *In re Robintech, Inc.*, 69 B.R. 663, 665 (Bkrtcy.N.D.Tex.1987); *Randbre Corp. v. Ladney (In re Randbre Corp.)*, 66 B.R. 482, 485 (Bkrtcy.S.D.N.Y.1986); *Pelican Homestead v. Wooten (In re Gabel)*, 61 B.R. 661, 664 (Bkrtcy.W.D.La.1985); *Wm. B. Wilson Mfg.*, supra, at 539; *In re Ryan*, 54 B.R. 105, 106–07 (Bkrtcy.E.D.Pa.1985). The mailing procedures of the debtor's attorney have not been called into question in this case.

The problem, however, is that Henry's address was incorrectly listed on the debtor's schedules and thus the Bar Date notice was also incorrectly addressed. Henry's zip code was incorrectly listed as 10588 instead of 10580. Although the presumption is generally not raised if the correct address is not used, if the address is only "slightly incorrect," the presumption is weakened but still raised. *Longardner*, supra, at 460. In *Longardner*, the Court of Appeals for the Seventh Circuit, affirming the District Court's affirmance of the Bankruptcy Court's denial of a creditor's motion to revoke confirmation because he did not receive notice of the confirmation hearing, held that the absence of a zip code in an otherwise properly addressed notice

only weakened the presumption of mailing. *Id.*, at 460. See also, *Robintech*, 69 B.R. at 665.[6] *Board of County Commissioners of Saline County v. Coleman American Properties, Inc. (In re American Properties, Inc.)*, 30 B.R. 239, 244 (Bkrtcy.D.Kan. 1983); *In re Torres*, 15 B.R. 794, 797 (Bkrtcy.N.Y.1981); cf. *Randbre Corp.*, 66 B.R. at 486 (weakened presumption arises if there is sufficient evidence to presume that the creditor nonetheless received the notice). The *Longardner* Court also held that the presumption was strengthened because the notice was not returned to the Clerk's Office and was not rebutted by the creditor's mere denial of receipt. *Id.*, at 459–460.

The case sub judice is similar to *Longardner* in that the only error in the address was the zip code and the notice was not returned as undelivered to the mailer, the debtor's attorney. The presumption in this case is stronger than the one in *Longardner* because Henry's address did contain a zip code which was only off by one digit, the last digit, and also because Henry had received other mailings with the same incorrect zip code both before and after the Bar Date notice was mailed.

The receipt of those other mailings, with the incorrect address, placed a duty on Henry to notify the Bankruptcy Clerk that his address was incorrectly listed on the schedules. *In re Ryan*, supra, at 107. Such a duty is not a heavy one. In the absence of such a requirement, a creditor who is aware that his address is incorrect, can circumvent the deadlines imposed by the Bankruptcy Rules by arguing that he did not receive the relevant notice. Informing the Clerk of the Court of the mistake in his address would not have placed an unreasonable burden on Henry and would ensure that he received any and all notices of events that may affect his rights.

"[A creditor's] denial of receipt alone does not rebut the presumption, but merely creates a question of fact." *Longardner*, supra, at 459. See also, *In re Gabel*, supra, at 665; *American Properties*, supra,

---

6. See, footnote 6, supra, for discussion of *Robin-* *tech.*

at 244. But see, *Yoder Co.*, supra, at 1118. But, in *In re Dodd*, supra, the Court held "direct testimony of nonreceipt, particularly in combination with evidence that standardized procedures are used in processing claims, would be sufficient to support a finding that the mailing was not received, and thereby rebut the presumption accorded a proper mailing." *In re Dodd*, supra, at 929.

■ *In re Dodd*, *id.*, is distinguishable from this proceeding because there the creditor involved was a large financial institution with standardized procedures for processing claims as opposed to Henry who is an individual. Although Henry testified that he opened and reviewed each document that he received from time to time, this process does not possess the regularity and efficiency accorded to the standardized operating procedures of a business. Therefore, the presumption of receipt is not rebutted and Henry's denial of receipt only creates a question of fact. *Longardner*, supra, at 455.

The combination of the facts that the address was only "slightly incorrect," the notice was never returned to debtor's attorney as undelivered, and that Henry had received other mailings from debtor's attorney at the incorrect address lead us to conclude that the notice of the Bar Date was received by Henry. The notice of the Bar Date provided to Henry was adequate and therefore Henry has not shown that his failure to timely file his proof of claim was the result of excusable neglect. Accordingly,

It is ORDERED that the motion of Clifford Henry to enlarge the time in which to file his proof of claim is DENIED.