**In re Daryl B. FREDERES d/b/a Alexandria Bay Boat Works, Debtor.**

**Bankruptcy No. 88–21065.**

United States Bankruptcy Court,
W.D. New York.

March 30, 1989.

See also, Bkrtcy., 95 B.R. 165.

**164**

David D. MacKnight, Rochester, N.Y., for DIP.

George P. McAloon, Alexandria Bay, N.Y., for Elmer Lewis Fitch.

Richard Cross, Associate Atty., Dept. of Law, Albany, N.Y., for N.Y.S. Dept. of Parks.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

This matter is before the Court on a motion by Daryl B. Frederes, the debtor-in-possession, for an order reducing the amount of the claim of the Village of Alexandria Bay (the "Village").

The petition in this Chapter 11 case was filed on July 20, 1988. The debtor's Schedule A–3 listed a $6,655 pre-petition claim by the Village for water service to the debtor's commercial property, with an indication in the appropriate column that the debt was disputed. On November 14, 1988, the debtor filed a motion seeking to have the Village's claim reduced to $2,424. The mo-

tion challenged that portion of the Village's claim covering 420,000 gallons of water allegedly lost by the debtor through meter leaks. The Village filed an answering affidavit by its water superintendent, Elmer Lewis Fitch, in support of its claim. The motion was heard on February 6, 1989; decision was reserved.

Bankruptcy Rule 3003(c)(2) provides in pertinent part that any creditor in a chapter 11 reorganization case whose debt was listed as disputed "shall file a proof of claim or interest within the time prescribed by subdivision (c)(3)" of the rule, and that "any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Subdivision (c)(3) of the same rule empowers the court to fix the time within which proofs of claim may be filed. The bar date operates as a statute of limitations, which courts strictly observe. *In re Norris Grain Co.*, 81 B.R. 103, 106 (M.D. Fla.1987). The debtor's scheduling of a disputed claim does not constitute a proof of claim so as to satisfy the filing requirements of Rule 3003. *In re Vertientes, Ltd.*, 845 F.2d 57, 60 (3d Cir.1988); *Hoos and Co. v. Dynamics Corp. of America*, 570 F.2d 433, 439 (2d Cir.1978).

 In this case, a July 28, 1988 order from the court set November 25, 1988 as the last date for creditors governed by Rule 3003(c)(2) to file proofs of claim. This order was sent to all creditors, including the Village.[1] The Village filed no claim prior to November 25, and has made no request prior to or since that date for extension of the filing period.[2] Therefore, by operation of Rule 3003(c)(2) the claim of the Village is disallowed and this court has no

---

**1.** The constitutionality of Bankruptcy Rule 3003 was attacked on due process grounds in *In re Middle Plantation of Williamsburg, Inc.*, where the court held that Rule 3003 was unconstitutional to the extent it failed to require express notice to creditors that their claims were scheduled as disputed, contingent, or unliquidated. 36 B.R. 873 (E.D.Va.1984). This decision has had minimal impact. The majority view, with which we concur, is that notice of the bankruptcy and the bar date to creditors whose claims are scheduled as disputed, contingent, or unliquidated is sufficient to put such creditors on

notice of the status of their claims. *See, e.g., In re Mitchell*, 82 B.R. 583, 585 (W.D.Okla.1988); *In re Murchison*, 85 B.R. 37, 40 (N.D.Tex.1987); *In re Burke*, 76 B.R. 62, 64 (D.Vt.1987).

**2.** Bankruptcy Rule 3003(c)(3) permits the court "for cause shown" to extend the time within which proofs of claim may be filed. Read in conjunction with Rule 9006(b)(1), as it must be, *Vertientes* at 60, after the expiration of the specified period the time may be extended only upon motion. Bankruptcy Rule 9006(b)(1).

jurisdiction to determine its amount.[3] If the Village's claim against the bankruptcy estate is discharged, its amount is immaterial; if the claim is not discharged[4], determination of its validity and amount is left to the court, if any, in which the Village's claim against the debtor is contested.

■ The debtor has not waived disallowance of the Village's claim by filing an objection. The statutory requirement on a chapter 11 creditor having a disputed claim to file a proof of claim is express; neither the court nor the debtor has power to waive it. The debtor's motion is dismissed and it is so ordered.

See also, Bkrtcy., 98 B.R. 163.

**3.** Allowability goes to validity and amount. 3 *Collier on Bankruptcy* ¶ 502.01 (15th ed., 1988); Bankruptcy Rule 3001(f).

**4.** Disallowance of the Village's claim against the bankruptcy estate does not in itself bar an action to determine dischargeability. *In re Grazi-*

*ano,* 35 B.R. 589, 592 (E.D.N.Y.1983). However, the court's July 28, 1988 order also fixed October 25, 1988 as the last date for filing complaints to determine dischargeability. That date too has passed without action by the Village.