**In re SAGO PALMS JOINT VENTURE, Debtor.**

**HAT–HANSEATISCHE ANLAGE, et al., Plaintiffs,**

v.

**SAGO PALMS JOINT VENTURE, Defendant.**

Bankruptcy No. 82–02110–BKC–TCB.
Adv. No. 84–0048–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

March 9, 1984.

Terence J. Watterson, West Palm Beach, Fla., for defendant.

Edward E. Kuhnel, Palm Beach, Fla., for plaintiffs.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Bankruptcy Judge.

The three plaintiffs assert an unliquidated claim against Stephen C. Reiser and a corporation which bears his name on account of his alleged embezzlement of $155,000. Claims 25 and 27 filed against the debtor in this case assert this liability against the debtor because Reiser is a principal of the debtor and the embezzled funds augmented the debtor's assets. In this action, plaintiffs seek exception from discharge for these claims and allege that the plan confirmed in this chapter 11 case purports to discharge the claims in question.

The debtor has answered. Plaintiffs' motion to continue the trial, filed the day before trial, was denied and the matter was tried on March 6.

The Amended Plan filed by a creditor, George Hauck & Sohn, and the debtor (C.P. No. 145a) was confirmed on January 12, 1984. (C.P. No. 177). That 22 page plan provides, in Article VII at page 16 that:

> "On the Consummation Date, all Allowed Claims in each Class shall have been discharged and satisfied in full and shall have no further legal force nor effect and the Debtor, each corporation comprising the Debtors *and Messrs. Stephen C. Reiser and Wolfgang C. Siewering shall be released totally and finally therefrom.*"

The foregoing provision, if interpreted as a release or discharge of the personal liability of either Reiser or Siewering for any debt beyond the amounts actually paid by the debtor upon such liability, is directly contrary to the provisions of 11 U.S.C. § 524(e) and is, therefore, totally ineffectual. That section provides as follows:

> "Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt."

The exception noted has no application here.

The debtor argues that by filing claims in this case, these creditors elected the remedy provided through this plan and, therefore, are barred from asserting any claim against the debtor's co-obligor. Alternatively, the debtor argues that plaintiffs are estopped by their failure to contest or object to the quoted provision in the plan before confirmation of that plan.

I reject both arguments. To permit these discretionary tools of equity to be used to defeat the claims of creditors in a manner explicitly prohibited by chapter 11 would be an absurdity under any circumstances. In this instance, the offensive provision was so concealed that it escaped my notice and the notice of all other affected creditors, if any. The provision was only inserted after the debtor's plan had been rejected. The provision did not appear in the creditor's initial plan and first appeared in the amendment of the creditor's plan jointly sponsored by the debtor.

By a separate judgment, as is required by B.R. 9021(a), the plaintiffs claims against Stephen C. Reiser and any other individual or corporation other than the debtor in this case are excepted from discharge pursuant to the provisions of 11 U.S.C. § 524(e). Of course, neither the automatic stay provided by § 362(a) nor any order entered by this court bars these plaintiffs from prosecuting any claim they may have against any individual or corporation other than the debtor.

Costs may be taxed on motion.

Plaintiffs' prayers for alternative relief are denied. The validity and amount of plaintiffs' claims against the debtor under the confirmed plan are not presently before me and, therefore, are not affected by this determination.