**In re JARTRAN, INC., Debtor.**

**Bankruptcy No. 81 B 16118.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

July 14, 1987.

Nachman, Munitz & Sweig, Chicago, Ill., for debtor.

Donald Newman, Chicago, Ill., for Truck Lease, Inc.

## MEMORANDUM OPINION AND ORDER

JOHN D. SCHWARTZ, Bankruptcy Judge.

This matter is before the Court on the motion of Truck Lease Inc. ("TLI") for payment of the balance of its administrative claim arising out of Jartran I. TLI has also requested that the bar date in operation of Jartran II be extended to March 15, 1987, and that its attorney be included on the service list. TLI is not a creditor of Jartran II except to the extent that its claims under the Jartran I Plan are unpaid.

TLI's motion was initially filed within the Jartran II case, but on March 27, 1987 this Court entered an order transferring it to the Jartran I case and requiring certain parties to respond.

The undisputed facts present some perplexing problems.

### I.

In 1979, Jartran Inc. entered into a lease with TLI for tractor trailers. On December 31, 1981 Jartran Inc. filed for relief under Chapter 11 of the Bankruptcy Code (Jartran I). Within 90 days prior to the filing of Jartran I, TLI is alleged to have received $29,578.86 from Jartran Inc. on a past due indebtedness. The Jartran I Plan rejected the TLI lease and TLI filed a claim in the amount of $1,045,913.80 representing the balance due under the lease. Jartran I commenced an adversary proceeding against TLI to recover the alleged pre-petition preference payment of $29,578.86. Pursuant to this Court's order of February 5, 1985, TLI's claim of $1,045,913.80 was reduced by the alleged pre-petition preference payment, leaving TLI with a general unsecured claim of $1,016,334.94.

TLI also filed an administrative claim for $41,091.14. That amount represented lease payments due TLI between the time the Jartran I petition was filed and the TLI lease was rejected. No objection was ever filed to TLI's administrative priority claim.

The Jartran I Plan provided for the payment of all allowed administrative claims by Jartran. In computing the amount due TLI as an administrative claimant, Jartran I erroneously reduced the administrative claim amount by the amount of the alleged pre-petition preference payment. As a result TLI received $11,512.28 on or about February 11, 1986 as payment "on account of its administrative claim against the Jartran I estate." Response of Jartran II at 2. This figure represents the difference between TLI's administrative claim of $41,091.14 less the pre-petition transfer of $29,578.86.

On March 4, 1986 Jartran Inc. filed for reorganization again (Jartran II).

As requested by this Court, Frank B. Hall & Co. ("Hall"), Jartran II and the Unsecured Creditor's Committee all responded to TLI's motion.

The Unsecured Creditor's Committee disclaimed responsibility of objecting to administrative claims, and any responsibility related to making payments to administrative claimants. Hall took a similar position, but included an affidavit by Rosiland A. Burbank, one of the attorneys who worked on the Jartran I case. She stated that there seems to have been "a clerical error on Jartran I's part in making the $11,512.28 payment instead of the full amount of the administrative claim." Jartran II's response supports this conclusion. Jartran II does not dispute TLI's status as partially paid administrative claimant and acknowledges that Jartran II "should be required to pay TLI's claim of $29,578.86, to the extent, and at such time, as Jartran I administrative claims are paid in Jartran II." Response of Jartran II at 4.

The Jartran II Plan currently on file provides a fund of up to $100,000 for payment of "Jartran I Administrative Claim[s]." "Administrative Claims" are defined in the Jartran II Plan as "a claim held by a person who is seeking or will seek the allowance of compensation or reimbursement of expenses pursuant to Section 330 of the Bankruptcy Code." This narrow definition of "administrative

claims" would prevent TLI from access to these funds if the proposed plan is confirmed, since its claim is not pursuant to § 330.

## II.

In *In re Jartran, Inc.*, 71 B.R. 938, 941 (Bankr.N.D.Ill.1987), this Court held that Jartran II was a separate and distinct case from Jartran I, characterized by the "different objectives, assets and claims." Accordingly, whereas an administrative pre-conversion claim in a converted case retains priority status post-conversion (§ 726(b)), (11 U.S.C. § 101 *et seq.*) it would be incongruent to clothe TLI's claim with administrative priority in Jartran II, a separate case.[1]

■ A creditor which has been granted administrative priority should assume the responsibility for periodically checking with the debtor or its successor to make certain that it receives what it is entitled to receive under the law and under the plan. *Cf. In re Frontier Enterprises, Inc.*, 70 B.R. 356 (Bankr.C.D.Ill.1987). In *Frontier*, Judge Ginsberg ordered that a case be re-opened to redistribute dividends which were paid out under a distribution order that failed to provide for payment to the Small Business Administration ("SBA"), a secured creditor. Thirteen months after the distribution order was entered in *Frontier*, the SBA realized it had not received payment and wrote the Trustee. The Court noted that "a creditor who has general knowledge of a debtor's bankruptcy proceeding has no duty to inquire about further court action." *Id.* at 360. However, the Court indicated that annual inquiries by a government creditor who has not received a distribution despite the entry of a court order would be proper. *Id.*

## III.

■ Article 4 of Jartran I's Plan calls for administrative claims to be paid "in full on the entry of an order of the Court allowing such Administrative Claim or the Effective Date [of the Plan], whichever is later." The Plan became effective on January 21, 1985. In February of 1986, one year later, TLI received a check for $11,512.28 in partial payment of its administrative claim. One year after the receipt of the partial payment, TLI filed the instant motion. Even adhering to Judge Ginsberg's liberal timetable for governmental claimants, TLI's motion was filed is too long a time after partial payment of its administrative claim to be considered diligent. Accordingly, this Court is not compelled to order any extraordinary relief in light of TLI's failure to pursue money due it in a timely manner. Nevertheless, the Court acknowledges that TLI retains an administrative priority in Jartran I to the extent of $29,578.86, and if additional free funds are available in that estate, it would be entitled to assert its right to such funds. Since confirmation of a plan discharges a debtor of any debt that arose before the date of confirmation except as provided for in the plan (§ 1141(d)), TLI's administrative priority existed only until the confirmation of the Jartran I Plan.

■ The provisions of a confirmed plan bind all parties whose rights are affected by the plan. *In re Garsal Realty, Inc.*, 39 B.R. 991 (N.D.N.Y.1984) *aff'd mem.*, 755 F.2d 913 (2nd Cir.1985); *In re 12th & N Joint Venture*, 63 B.R. 36, 38 (Bankr.D.D.C.1986). Once the confirmed plan has become consummated, it becomes the law of the case. *In re Nardulli & Sons, Co.*, 66 B.R. 871, 881 (Bankr.W.D.Pa. 1986). Following confirmation, compliance with the plan becomes the business agenda of the post-confirmation entity which is required to make payments as provided for in the plan. When, as here, substantial operations under a confirmed plan are followed by a second case, the entity's unpaid liabilities under the first case plan become general unsecured claims in the second case. TLI's claim for an unpaid liability arising

---

1. However, the Court questions the effect of an order confirming a plan which has become final on the priority of an administrative claim on subsequent conversion of the case under § 1112(a). Is such order the law of case in light of § 726(a)? Do the plan provisions govern after conversion to the extent that compliance is still possible?

out of Jartran I and to be paid under the Plan is an unsecured claim in Jartran II.

### IV.

TLI has also requested that the bar date in Jartran II be extended until March 15, 1987 so that its unsecured claim may be considered as timely. On June 10, 1986 this Court entered an order fixing August 1, 1986 as the last date by which claims against the Jartran II estate must be filed. Notice of the bar date appeared in the national edition of the Wall Street Journal on June 18, 1986.

 A court may extend the bar date to allow for late claims for cause. Bankr.R. 3003(c)(3); *In re Moskowitz*, 35 B.R. 750 (S.D.N.Y.1983); *In re Lester Witte & Co.*, 52 B.R. 436 (Bankr.N.D.Ill.1984); *In re E & E L.P. Gas Inc.*, 26 B.R. 952 (Bankr.N.D. Ind.1983); *In re Computer Devices, Inc.*, 51 B.R. 471 (Bankr.D.Mass.1985); *See also In re Chicago, Rock Island & Pacific Railroad Co.*, 788 F.2d 1280, 1284 (7th Cir. 1986). Some factors considered by courts in determining whether cause exists include: (i) prejudice to the debtor, (ii) reason for delay, (iii) length of delay, and (iv) the good faith of the creditor. *See In re Hardy*, 33 B.R. 77 (Bankr.D.Nev.1983). Although there will be no prejudice to Jartran II, and the Court does not question TLI's good faith, the reason for and the length of TLI's delay weigh heavily against it.

Simply stated, TLI's delay in filing the instant motion is due to the fact that it delayed in exercising its rights. TLI knew that its administrative claim was not paid in full when it received the check for $11,-512.28 in February of 1986. TLI should have made timely inquiry shortly after it received the check. Had TLI made such an inquiry it would have discovered either that Jartran had filed for reorganization again (thereby obviating TLI's request to extend the bar date), or that Jartran, the entity responsible for paying administrative claims had made a mistake in its original payment. *In re E. & E. L.P. supra* the court would not extend the bar date for a creditor who failed to follow up on the collection of a debt during which time the debtor filed for bankruptcy but neglected to list the creditor. Like the creditor in *E. & E.L.P.*, TLI did nothing to collect monies due it. The Court can not reverse the effects of TLI's own delay in pursuing monies owed it by extending the bar date. Since the Court will not extend the bar date for TLI, it is not an interested party in that case.

NOW THEREFORE IT IS ORDERED THAT Truck Lease Inc.'s motion for allowance of the balance of its administrative claim against the Jartran I estate is granted, and shall be paid provided there are funds in that estate which can be used for this purpose. Truck Lease Inc.'s motion to extend the bar date in the Jartran II estate is denied, and Truck Lease Inc's motion that its attorney be included on the Jartran II service list is denied.