### In re John and Mary Ellen SANDERS, Debtors.

### Mary Ellen SANDERS, Plaintiff,

### v.

### GIAC LEASING CORPORATION and Claude S. Hawkins, Jr., Trustee of Unit Development Limited Partnership, Defendants.

**Bankruptcy No. ED 84–90M.
Adv. No. 86–733M.**

United States Bankruptcy Court,
W.D. Arkansas,
El Dorado Division.

Aug. 26, 1987.

---

Claude S. Hawkins, Jr., Ashdown, Ark., trustee of Unit Development Limited Partnership.

Joseph Hickey, El Dorado, Ark., for plaintiff.

Donald H. Henry, Little Rock, Ark., for GIAC Leasing Corp.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

On November 1, 1984, Mary Ellen Sanders (debtor) filed a voluntary petition for relief under the provisions of chapter 11 of the Bankruptcy Code. The debtor is a limited partner in Unit Development Limited Partnership (Unit Development), which has also filed for bankruptcy in this Court. The debtor's husband, John Sanders, is a joint debtor in this case and is the general partner of Unit Development. On October 31, 1986, the debtor filed this adversary proceeding against GIAC Leasing Corporation (GIAC) and Manufacturers Hanover Leasing Corporation, seeking a determination that GIAC has no claim against the debtor. The complaint was amended several times, and Manufacturers Hanover Leasing Corporation was dismissed as a defendant. Hon. Claude Hawkins, trustee of Unit Development, was added as a party defendant. GIAC filed a motion to dismiss the entire complaint and a motion for partial summary judgment as to the debtor's allegation that her liability was discharged by the confirmation of Unit Development's plan of reorganization and as to her claim that the doctrine of res judicata prevents GIAC from seeking to enforce the guaranty. The debtor filed a counter motion for summary judgment alleging that the doctrine of res judicata entitled her to a judgment finding that she is not liable to GIAC because the Unit Development plan provided for the release of her as guarantor.

The following constitutes the Court's findings of fact and conclusions of law as required by Bankruptcy Rule of Procedure 7052. The matter presented is a core pro-

ceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

Rule 56 of the Federal Rules of Civil Procedure is adopted in bankruptcy proceedings by Bankruptcy Rule of Procedure 7056. Pursuant to Rule 56, a moving party may be granted summary judgment if it is established from the pleadings and supporting documents that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Ozark Milling Co. v. Allied Mills, Inc.,* 480 F.2d 1014 (8th Cir.1973). All inferences to be drawn from the pleadings and supporting affidavits must be viewed in the light most favorable to the nonmoving party. *McKinney v. Dole,* 765 F.2d 1129 (D.C.Cir.1985).

The facts necessary to decide the question presented by the motions for summary judgment are not in dispute. GIAC is a creditor of Unit Development. It filed a claim in Unit Development's bankruptcy case, appeared at the confirmation hearing, and voted to accept the plan. Before the case was filed, the debtor and her husband executed a guaranty in favor of GIAC, guaranteeing Unit Development's debt to GIAC. An order confirming Unit Development's plan of reorganization was entered by the Court on October 7, 1985, and no party appealed from the order. Paragraph 4.05 of the confirmed plan provides as follows:

> Class 7 creditor is General Innkeeping Acceptance Corporation [GIAC]. Class 7 creditor is partially secured in that the value of the equipment leased is less than the net amount owed by Debtor under the lease and promissory note. In full satisfaction of the lease and promissory note, the Class 7 creditor shall receive eighty-four consecutive monthly payments of $9,708.98. The lease and promissory note shall be assumed by Purchaser under the existing terms and conditions (other than the aggregate amount due thereunder, which shall be $550,000, the amount and time of payment, which shall be in the aggregate amount of $9,708.98 and over 84 months, as aforesaid, and the rate of interest which shall be 12% per annum). The Class 7 creditor shall retain its interest in property which is the subject of this lease to secure the obligations assumed. *The Class 7 creditor shall release John Sanders and Mary Ellen Sanders from their Personal guaranties.*

(emphasis added).

The plan was never consummated and no payments were made to GIAC under the plan. Unit Development was converted to a proceeding under chapter 7 and a trustee was appointed.

GIAC seeks summary judgment on Counts I–C and I–D of the debtor's amended complaint. In those counts, the debtor alleges that the terms of Unit Development's plan released the debtor from liability under the guaranty and that the order confirming the plan is res judicata on the issue of the debtor's liability to GIAC. GIAC's motion for summary judgment alleges that Unit Development's plan cannot discharge the debtor's liability as a matter of law and that the doctrine of res judicata does not apply.

 Confirmation of a chapter 11 plan binds all creditors of the debtor to the terms of the plan. *See* 11 U.S.C. § 1141(a); *In re Chattanooga Wholesale Antiques, Inc.,* 67 B.R. 899 (Bankr.E.D.Tenn.1986); *In re R–B–Co., Inc., of Bossier,* 59 B.R. 43 (Bankr.W.D.La.1986). An order confirming a chapter 11 plan from which there is no appeal is generally regarded as an order that is entitled to full faith and credit by other courts and is res judicata as to all questions pertaining to such plan which were raised or could have been raised. *See Miller v. Meinhard–Commercial Corp.,* 462 F.2d 358 (5th Cir.1972); *In re Constructors of Florida, Inc.,* 349 F.2d 595 (5th Cir.1965). 5 *Collier on Bankruptcy* ¶ 1141.01[1] (15th ed. 1987) states as follows:

> Section 1141(a) of the Code has the same effect as Sections 224(1), 367(1) and 473(1) of the Bankruptcy Act in that a plan is binding upon all parties once it is confirmed and all questions which could have been raised pertaining to such plan are res judicata. While section 1141(a) is

more narrowly drafted than the correlating sections of the Bankruptcy Act, the effect is the same. Subject to compliance with the requirements of due process under the Fifth Amendment, a confirmed plan of reorganization is binding upon every entity that holds a claim or interest even though a holder of a claim or interest is not scheduled, has not filed a claim, does not receive a distribution under the plan, or is not entitled to retain an interest under such plan.

GIAC correctly observes that it has long been the law that a discharge in bankruptcy does not discharge the liability of the debtor's guarantor on the same obligation. *See Helms v. Holmes,* 129 F.2d 263 (4th Cir.1942); *In re American Paper Co.,* 255 F. 121 (D.N.J.1919); 1A *Collier on Bankruptcy* ¶ 16.02 (14th ed. 1978). Under the Bankruptcy Act, a guarantor was not discharged even if the creditors approved the plan, because a discharge occurs by operation of bankruptcy law, not by the contractual consent of creditors. *See Union Carbide Corp. v. Newboles,* 686 F.2d 593 (7th Cir.1982).

11 U.S.C. § 524(e) provides that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." GIAC has cited several cases under the Bankruptcy Code which state that a bankruptcy court has no authority to discharge the liability of a debtor's guarantor. In each case, the court permitted a collateral attack on the bankruptcy court's order confirming a plan of reorganization, in which the nondebtor guarantor had been granted a discharge. *See Underhill v. Royal,* 769 F.2d 1426 (9th Cir.1985); *In re Scranes, Inc.,* 67 B.R. 985 (Bankr.N.D.Ohio 1986); *In re Sago Palms Joint Venture,* 39 B.R. 9 (Bankr.S.D.Fla.1984). However, none of these cases addressed this issue in the context of the doctrine of res judicata.

■ Res judicata is applicable in a subsequent action involving the same cause of action between the same parties or their privies where the first suit resulted in a final judgment on the merits by a court of competent jurisdiction. *See Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556 (5th Cir.1983); *Ward v. Arkansas State Police,* 653 F.2d 346 (8th Cir.1981). Res judicata bars the relitigation of issues which were actually litigated or which could have been litigated in the first suit. *Lovell v. Mixon,* 719 F.2d 1373 (8th Cir.1983). So long as a court is competent to preside over the matters at issue, even an erroneous determination as to the extent of the court's jurisdiction is res judicata and not subject to collateral attack. *See Stoll v. Gottlieb,* 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104, *reh'g denied,* 305 U.S. 675, 59 S.Ct. 250, 83 L.Ed. 437 (1938); *Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940); *Underwriters Nat'l Assurance Co. v. North Carolina Life and Accident & Health Ins. Guar. Ass'n,* 455 U.S. 691, 102 S.Ct. 1357, 71 L.Ed.2d 558 (1982); *Hodge v. Hodge,* 621 F.2d 590 (3rd Cir.1980); R. Leflar, *American Conflicts of Law* § 79 (3rd ed. 1977).

■ In *Gottlieb,* the United States Supreme Court was faced with nearly the identical issue presented here. The Court stated:

The inquiry is to be directed at the conclusiveness of the order releasing the guarantor from his obligation, assuming the Bankruptcy Court did not have jurisdiction of the subject matter of the order, the release in reorganization of a guarantor from his guaranty of the debtor's obligations.

A court does not have the power, by judicial fiat, to extend its jurisdiction over matters beyond the scope of the authority granted to it by its creators. There must be admitted, however, a power to interpret the language of the jurisdictional instrument and its application to an issue before the court. Where adversary parties appear, a court must have the power to determine whether or not it has jurisdiction of the person of a litigant, or whether its geographical jurisdiction covers the place of the occurrence under consideration. Every court in rendering a judgment, tacitly, if not expressly, determines its jurisdiction over the parties and the subject matter. An erro-

neous affirmative conclusion as to the jurisdiction does not in any proper sense enlarge the jurisdiction of the court until passed upon by the court of last resort, and even then the jurisdiction becomes enlarged only from the necessity of having a judicial determination of the jurisdiction over the subject matter. When an erroneous judgment, whether from the court of first instance or from the court of final resort, is pleaded in another court or another jurisdiction the question is whether the former is *res judicata.*

*Gottlieb,* 305 U.S. at 171–72, 59 S.Ct. at 137 (footnotes omitted).

Here all of the elements necessary for invoking the principle of res judicata are present. The bankruptcy court is a court of competent jurisdiction to adjudicate the confirmation of a chapter 11 plan. The parties to this litigation are the same parties that were involved in the confirmation of Unit Development's plan. The legal issue is the same and could have been litigated in the prior proceeding. There was a final judgment on the merits confirming Unit Development's plan of reorganization.

GIAC did not object to the confirmation of the plan or to the court's authority to discharge the guarantor. The order of confirmation was not appealed. Therefore, the doctrine of res judicata bars the relitigation of the issue of jurisdiction. *See Stoll v. Gottlieb,* 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104, *reh'g denied,* 305 U.S. 675, 59 S.Ct. 250, 83 L.Ed. 437 (1938); *Republic Supply Co. v. Shoaf,* 815 F.2d 1046 (5th Cir.1987); 5 *Collier on Bankruptcy* ¶ 1141.01[01] (15th ed. 1987).

GIAC's motion for summary judgment and its motion to dismiss are denied. The debtor's motion for summary judgment is granted. A separate judgment will be entered pursuant to Bankruptcy Rule of Procedure 9021.

IT IS SO ORDERED.