In re HOLYWELL CORPORATION, et al.

MIAMI CENTER LIMITED PARTNER-SHIP, Miami Center Corporation, Theodore B. Gould, Chopin Associates and Holywell Corporation, Appellants,

v.

The BANK OF NEW YORK, City National Bank of Miami as Trustee under Land Trust # 5008793, M.C. Holding Partners, a New York General Partnership, and its General Partners, namely Robank Corporation, H.D. Liquidation, Inc., Bott Florida Holding Corporation, American Security, Ltd., and M. Center Corporation and Fred Stanton Smith, individually and as Trustee of the Miami Center Liquidating Trust, Appellees.

No. 88–1302–CIV.

Bankruptcy Nos. 84–01590–BKC–SMW to 84–01594–BKC–SMW.

United States District Court, S.D. Florida, Miami Division.

Oct. 31, 1988.

See also, Bkrtcy., 93 B.R. 291.

Robert M. Musselman, Charlottesville, Va., Robert A. Mark, Miami, Fla., for plaintiffs.

Theodore B. Gould, Charlottesville, Va., pro se.

Thomas F. Noone, New York City, S. Harvey Ziegler, Vance E. Satter, Miami, Fla., for defendants.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

### ORDER AFFIRMING BANKRUPTCY COURT

THIS CAUSE comes before the Court upon the Appellants, HOLYWELL CORPORATION, MIAMI CENTER LIMITED PARTNERSHIP, MIAMI CENTER CORPORATION, CHOPIN ASSOCIATES, and THEODORE B. GOULD, appeal of the *Order Granting Motions to Dismiss and Dismissing Adversary Complaint* entered by the United States Bankruptcy Court for the Southern District of Florida on May 12, 1988.

### A. STANDARD OF REVIEW

The Bankruptcy Court's findings of fact are subject to the clearly erroneous standard. *Briden v. Foley*, 776 F.2d 379 (1st Cir.1985). Questions of law are subject to the *de novo* standard of review. 11 U.S.C. Bankruptcy Rule 8013; *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

### B. BACKGROUND

The Plaintiffs originally filed this action in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida against Fred Stanton Smith (the "Liquidating Trustee") individually and as trustee of the Miami Center Liquidating Trust, the Bank of New York ("BNY"), City National Bank of Miami, M.C. Holding Partners, a New York general partnership and its general partners, Robank Corp., H.D. Liquidation, Inc., Zentac Investments, Inc., BOTT Florida Holding Corp., American Security Ltd. and M. Center Corporation.

The Complaint alleged negligence (Count I), Breach of Fiduciary Duty (Count II), Discharge of Trustee (Count III), Breach of Contract (Count IV), and Conversion (Count V). The Defendants filed a Petition for Removal of the State Court Action to the Bankruptcy Court under 28 U.S.C. § 1452 and Bankruptcy Rule 9027. The Debtors moved for remand. The Bankruptcy Court heard the Application for Removal and the Motion for Remand on December 15, 1987, and found that the underlying issues set forth in the Complaint were "core" matters under 28 U.S.C. § 157. The Bankruptcy Court recommended that this Court certify the Petition for Removal and deny the Motion for Remand. This Court affirmed and adopted that Report and Recommendation. *Holywell v. Bank of New York*, Case No. 88–0034–CIV–EPS.

The Defendants filed a motion in the Bankruptcy Court to dismiss the Complaint and for sanctions. The Bankruptcy Court granted the Motion to Dismiss on the following grounds: 1) the Complaint failed to sufficiently allege that the Liquidating Trustee was guilty of gross negligence, willful default, or misconduct; and 2) all matters set forth in the Complaint had either been resolved by the Bankruptcy Court in other adversary proceedings or motions (which rulings either constitute final orders or are presently on appeal), or are the subject of pending adversary proceedings or motions which will be determined by the Bankruptcy Court. The Bankruptcy Court denied the motion for sanctions on the ground that at the time the action was filed in state court, certain issues raised in the Complaint were not subject to a prior judicial determination.

The Complaint, which is characterized by the Debtors as a common law action for a breach of fiduciary duty by the Liquidating Trustee, is based on the following alleged improper conduct of the Liquidating Trustee:

1) the granting to BNY of a credit of $27,050,115.02 representing a claim for accrued post-petition interest;

2) the failure of the Liquidating Trustee to resolve certain post-closing adjustments in favor of the Debtor, including an alleged credit to MCLP for the completion of leasehold improvements, an alleged reduction in the credit granted BNY for 1985 real estate taxes, and an alleged reduction in the credit granted BNY for an allowance of construction materials;

3) the failure of the Liquidating Trustee to establish a reserve for the payment of income taxes;

4) the failure of the Liquidating Trustee to provide a reserve to pay certain alleged super-priority loans due to the Plaintiffs from MCLP;

5) the failure of the Liquidating Trustee to sue BNY as an "employer in fact" under Internal Revenue Section 3505 to recover from BNY withholding taxes which were paid by the Liquidating Trustee to the Internal Revenue Service;

6) the consent of the Liquidating Trustee to the establishment of an escrow account to provide for the payment of certain real estate taxes owed to Dade County, Florida;

7) the failure by the Liquidating Trustee to pay claims of affiliated creditors including creditors classified as Class 8 creditors under the Plan of Reorganization, the failure to pay Chopin alleged ground rent due in the amount of $5.3 million, the failure to pay the claim of Miami Center Joint Venture ("MCJV") and the failure to pay other administrative claims of affiliated creditors.

Article V of the Plan contemplated the establishment of the Miami Center Liquidating Trust and the appointment of the Liquidating Trustee to implement the provisions of the Plan and "hold, liquidate and distribute such Trust Property according to the terms of this Plan." The Plan provided for the substantive consolidation of the Debtors and for the subordinate classification of claims of all affiliated or debtor-related entities. The Plan also provided for a separate mechanism of the payment of the claim of Olympia & York ("O & Y"), a partner of Plaintiff Gould in MCJV, in the event that the subordinated classification of the claim of MCJV was reversed on appeal.

The Plan was confirmed by order (the "Confirmation Order"), and became effective on October 10, 1985. This Confirmation Order was subsequently affirmed on appeal. *Holywell Corp. v. Bank of New York*, 59 B.R. 340 (Bankr.S.D.Fla.1986). The Eleventh Circuit Court of Appeals vacated and remanded, holding that the Plan was "substantially consummated at the time the appeal was heard by the District Court" and directing the District Court to dismiss the appeal as moot. *Miami Center Limited Partnership v. Bank of New York*, 838 F.2d 1547 (11th Cir.1988).

The parties in this case have filed various adversary proceedings in the Bankruptcy Court since the entry of the Confirmation Order. Those proceedings include collateral attacks on the various aspects of the Plan as well as requests for clarification and guidance by the Liquidating Trustee.

## C. ISSUES

There are three major issues which this Court must address:

1) whether the Bankruptcy Court properly dismissed the complaint alleging common law breach of fiduciary duty, where a provision of the confirmed plan of reorganization established a standard of "gross negligence, willful default or misconduct" to establish the Trustee's liability for breach of fiduciary duty;

2) whether the Bankruptcy Court properly ruled that all matters set forth in the Complaint had either been resolved by the Bankruptcy Court in other adversary proceedings or motions (which rulings either constitute final orders or are presently on appeal), or were the subject of

pending adversary proceedings or motions;

3) whether the Bankruptcy Court had subject matter jurisdiction over this action, where the Plaintiffs alleged a constitutional right to trial by jury.

After *de novo* review, this Court hereby affirms the Bankruptcy Court's dismissal of the Complaint and sets forth its findings as follows:

### 1. The Confirmed Plan of Reorganization Establishes the Law of the Case

The Appellants argue that although the Plan sets forth a standard of gross negligence, willful default or misconduct for breach of fiduciary duty, the correct standard in a common law action is due care, diligence and skill. The Appellants argue that the Bankruptcy Court can not limit this common law duty even where a trust expressly limits liability. *U.S. ex rel Willoughby v. Howard*, 302 U.S. 445, 58 S.Ct. 309, 82 L.Ed. 352 (1938). In *Willoughby*, the Court stated that "[b]y the common law every trustee or receiver of an estate has the duty of exercising reasonable care in the custody of the fiduciary estate unless relieved of such duty by agreement, statute, or order of court." *Id.* at 450, 58 S.Ct. at 312. The Court went on to say that the fact that a fiduciary's freedom of choice was limited by statute did not relieve that fiduciary from the common law duty of "exercising care and prudence within the field left to his discretion." *Id.* at 452, 58 S.Ct. at 313.

In the case *sub judice*, the allegations of misconduct refer not to "the field left to [the trustee's's] discretion" but rather to duties that were required by the Confirmed Plan of Reorganization. The Appellants assert that the Plan established a minimum standard of care, and that the Trustee was still liable *under a common law duty* to a higher standard.

This argument overlooks the fact that the Appellants are not claiming that the Trustee breached his common law duty while acting within the provisions of the

Plan, but rather that his actions under the plan *themselves* breached his common law duty. Thus the two standards here are in direct conflict.[1] The question is therefore not whether the Plan relieved the Trustee of his common law duty, but whether the duties required by the Plan were controlling.

As stated above, *Willoughby* held that a trustee has the common law duty of exercising reasonable care "*unless relieved of such duty by agreement, statute, or order of court.*" *Willoughby* at 450, 58 S.Ct. at 312. Here, such agreement did exist. The provisions of a confirmed plan bind all parties whose rights are affected by the plan, regardless of whether they voted to accept it. *In re Sanders*, 81 B.R. 496, 499 (Bankr.W.D.Ark.1987). "Once the confirmed plan has become consummated, it becomes the law of the case." *In re Jartran, Inc.*, 76 B.R. 123, 125 (Bankr.N.D. Ill.1987). Further, "a party in interest . . . is bound by the terms of the plan when confirmed, even if the plan ultimately provides it with less than that to which it is otherwise entitled." *In re St. Louis Freight Lines, Inc.*, 45 B.R. 546, 552 (Bankr.E.D.Mich.1984). Thus, where the allegations contained in the Complaint involve duties required under the Plan, those duties control and the Trustee is relieved of personal liability for any conflicting duties under the common law.

### 2. All Allegations Set Forth in the Complaint Have Either Been Resolved or Are Presently Pending

The Appellants allege breach of specific duties by the Trustee. As discussed below, each alleged breach has been fully litigated or is presently pending appeal. The Appellants are barred by both *res judicata* and collateral estoppel from relitigating these issues in this action.

### a. granting BNY a credit of $27,050,-115.02 representing a claim for accrued post-petition interest

The Bankruptcy Court previously held that this credit was valid under the Plan

---

1. The Appellants' allegations are in direct conflict with the Bankruptcy Court's rulings under

the Plan. Those rulings are discussed in detail under Section 2 of this Order.

and that BNY was not an "unsecured creditor." *Adv. Proc. No. 87–0523–BKC–SMW–A.* On appeal, District Court held that allowance of the credit for post-petition interest to BNY was an integral part of the Plan and that all aspects of the Plan were valid, legally binding on all parties, and insulated from further attacks. *Holywell v. Fred Stanton Smith and The Bank of New York,* Case No. 88–151–CIV–SMA.

b. *failure to resolve certain post-closing adjustments in favor of the Debtor*

This issue is presently pending before the Bankruptcy Court. *Adv. Proc. No. 87–0523–BKC–SMW–A.* This action was brought by the Trustee and the Debtors attempted to have the matter dismissed on the grounds that the Bankruptcy Court lacked jurisdiction over these post-confirmation matters. The Bankruptcy Court rejected this argument and refused to dismiss the action.

c. *failure to establish a reserve for the payment of income taxes*

The Bankruptcy Court held that the Trustee was not responsible for the filing of federal income tax returns on behalf of the Debtors or liable to the United States for the payment of any federal income taxes. *Adv. Proc. No. 87–0627–BKC–SMW–A.* An appeal of this ruling is presently pending. *United States of America v. Fred Stanton Smith,* Case No. 88–0795–CIV–JWK.

d. *failure to provide a reserve to pay certain alleged super-priority loans due to the Plaintiffs from MCLP*

These super-priority loans are inter-debtor loans and loans made to a wholly-owned non-debtor subsidiary of Holywell. The Debtors have already filed an action in the Bankruptcy Court to require payment and that court has held that the loans are entitled to super-priority status but that payment can only be made from Miami Center Limited Partnership assets. *Case No. 84–01590–BKC–TCB.* This Order is presently

on appeal. *Bank of New York,* Case No. 87–0970–CIV–JWK.

e. *failure to sue BNY as an "employer in fact" to recover withholding taxes which were paid to the Internal Revenue Service*

The Bankruptcy Court considered the issue of whether a party, other than IRS, could sue BNY to establish liability under the Code as an employer-in-fact. The court dismissed that complaint and held that only the IRS could bring such an action. *Adv. Proc. 88–0158–BKC–SMW–A.* This ruling is presently pending on appeal.

f. *establishment of an escrow account to provide for the payment of certain real estate taxes*

The Bankruptcy Court entered an Order stating that the escrow fund established for the 1982–1984 real estate taxes was to continue for the specific purpose of paying any ad valorem taxes that were ultimately determined to be due and directed that the escrow be transferred to counsel for BNY and counsel for the Trustee as escrow agents. *Adv. Proc. No. 87–0618–BKC–SMW.*

g. *failure to pay claims of affiliated creditors*

The treatment of the claims of affiliates of the Debtors is governed by the Plan which provides for the subordinate classification of these claims. The Plan also provides a mechanism for the determination and payment of the MCJV claim and the Bankruptcy Court entered a final judgment determining the amount of those claims. *Adv. Proc. 87–0255–BKC–SMW–A.*

3. *The Bankruptcy Court Has Subject Matter Jurisdiction Over this Action*

This Court previously held that the Bankruptcy Court had subject matter jurisdiction over this action in its Order Affirming and Adopting the Bankruptcy Court's Report and Recommendation on Petition for Removal and Motion for Removal. *Holywell v. Bank of New York,* Case No. 88–0034–CIV–EPS. That Order held that the

claims set forth in the complaint were "core matters" under 28 U.S.C. § 157 and that the Bankruptcy Court had the authority to hear and determine the claims. This Court sees no reason to revisit this matter which was fully litigated in the aforementioned proceeding. Further, this Court's above finding that the Plan establishes the law of this case and that this action therefore fails to state a cause of action renders this issue moot. Accordingly, it is hereby

ORDERED AND ADJUDGED that this Order of the Bankruptcy Court dismissing the Complaint is AFFIRMED.